## CHEW HING v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 3, 1904.)

No. 1,024.

1. CHINESE EXCLUSION—CLAIM OF CITIZENSHIP—SUFFICIENCY OF EVIDENCE.

The judgment of a District Court affirming an order of a commissioner for the deportation of a Chinese person against his claim that he was born in the United States, which was supported by the testimony of himself and two other Chinese witnesses, but was contradicted by a prior admission of defendant, *held* not reversible for error.

Appeal from the District Court of the United States for the Northern District of California.

See 129 Fed. 585.

Henry C. Dibble & Dibble, for appellant.

Duncan E. McKinlay, Asst. U. S. Atty. (Marshall B. Woodworth, U. S. Atty., of counsel).

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The appellant was arrested on a warrant issued upon a complaint sworn to by an inspector of the Chinese bureau, charging him with being a Chinese manual laborer within the limits of the Northern District of California without the certificate of residence required by the act of Congress relating to the coming of Chinese persons into the United States [U. S. Comp. St. 1901, p. 1305]. Upon a hearing had before the United States commissioner that officer ordered the deportation of the appellant. From his order an appeal was taken to the United States District Court for the Northern District of California, and that court affirmed the order. From the judgment of that court the present appeal is taken.

It is assigned as error that the evidence shows that the appellant was born in the United States, and that the finding of the commissioner and the judgment of the District Court affirming the same are not sustained by the evidence. The testimony to sustain the appellant's contention that he was born in the United States consists of his own evidence and that of two other Chinese witnesses. It is contradicted, however, by the admission of the appellant, on a hearing had before the Chinese bureau shortly prior to the hearing before the commissioner, that he was born in China. The appellant attempted to overcome the force of this admission by saying that at the time when he testified he was "dazed with seasickness." But the commissioner was not satisfied with this explanation, or with the evidence tending to show that he was born in the United States. We cannot say that he erred in so regarding the testimony, or that the District Court erred in affirming his order.

The judgment of the District Court will be affirmed.

¶ 1. Citizenship of Chinese, see notes to Gee Fook Sing v. United States, 1 C. C. A. 212; Lee Sing Far v. United States, 35 C. C. A. 332.