### YEE ET (EP) v. UNITED STATES,
### and Fifteen Other Cases.

(Circuit Court of Appeals, Fifth Circuit.   April 23, 1915.)

Nos. 2554, 2601, 2602–2605, 2607, 2609, 2611, 2612, 2614, 2615, 2618, 2619, 2621, 2622, 2623, 2641.

1. ALIENS ☜32—DEPORTATION—REVIEW OF PROCEEDINGS BY COURTS—QUESTIONS OF FACT.

In a proceeding to deport a Chinese laborer, where the commissioner sees and hears the witnesses, a judgment of the District Court affirming the commissioner's order will not be disturbed on the facts, except in a perfectly clear case.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ☜32.

What Chinese persons are excluded from the United States, see note to Wong You v. United States, 104 C. C. A. 538.]

2. ALIENS ☜32—DEPORTATION—WEIGHT AND SUFFICIENCY.

Where the testimony in behalf of Chinese persons sought to be deported as laborers unlawfully in the country was taken under commission by interrogatories, in the absence of any representative of the government, and the identification of the accused persons was by photograph, though the witnesses were personally in the same city as the accused persons and the commissioner before whom the complaint was pending, and could have testified in open court, their evidence was not above suspicion, and was entitled to little, if any, weight.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ☜32.]

Appeals from the District Court of the United States for the El Paso Division of the Western District of Texas; Thomas S. Maxey, Judge.

Sixteen proceedings on appeal from orders for the deportation of Yee Et (Ep), Wong Kee, Yee Leong, Yee Et, Ju Ling, Yee Git, Yee Yuk Jew, Wong Tong, Lew Wun, Fung Get (alias Fung Gat), Mar Hop, Mar Foon, Louie Fun Jew (alias Louie Fong Jew), Chin Ork (alias Chin Ock), Yee Dune, and Low One. From judgments affirming the orders of deportation, each of the aliens appeal. Affirmed.

Volney M. Brown and U. S. Goen, both of El Paso, Tex., for appellants Yee Et (Ep), Wong Kee, and Ju Ling.

Peyton F. Edwards and U. S. Goen, both of El Paso, Tex., for appellant Yee Git.

Volney M. Brown, of El Paso, Tex., for appellants Low One, Yee Et, and Yee Dune.

U. S. Goen, of El Paso, Tex., for other appellants.

Robert T. Neill, Sp. Asst. Atty. Gen., of El Paso, Tex., and R. E. Crawford, Asst. U. S. Atty., of Houston, Tex., for the United States.

Before PARDEE and WALKER, Circuit Judges, and FOSTER, District Judge.

FOSTER, District Judge.   In these 16 cases the appellants were arrested in El Paso on complaint before a United States commission-

er, charging them with being Chinese laborers and unlawfully in the United States in violation of the Chinese Exclusion Laws. The commissioner ordered them deported to China, and, on appeal, his orders were affirmed by the District Court. No reversible errors of law are presented, and substantially only questions of fact are presented by the records.

[1] The rule may be considered settled that in matters of this kind, where the commissioner sees and hears the witnesses, the accused is not entitled to repeated appeals on the facts, and a judgment of the District Court affirming the commissioner will not be disturbed, except in a perfectly clear case or for error of law. Chin Bak Kan v. United States, 186 U. S. 193, 22 Sup. Ct. 891, 46 L. Ed. 1121; Yee King et al. v. United States, 179 Fed. 369, 102 C. C. A. 646; Eng Choy v. United States, 175 Fed. 566, 99 C. C. A. 188; Moy Guey Lum v. United States, 211 Fed. 91, 127 C. C. A. 515; Chew Hing v. United States, 133 Fed. 227, 66 C. C. A. 281.

[2] In most of these cases the testimony was taken under commission by interrogatories, no representative of the government was present, and the identification of the accused was by photograph. Manifestly, evidence of this character is unsatisfactory, and where the witnesses are present in the same city as the accused and the commissioner before whom the complaint is pending, and could have testified in open court, such evidence is not above suspicion, and is entitled to very little, if any, weight.

As the evidence in every case, even where the witnesses were at a distance, might have been taken on fair notice to the district attorney and by oral examination, we see no reason why the instant cases should be excepted from the rule denying a second appeal on the facts; but, as this court has not heretofore announced its adherence to the said rule, we have examined the record in each case before us.

As we find no errors in the judgments of the District Court, they will be affirmed.