WONG WOO v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. March 26, 1917.)

No. 2929.

1. ALIENS ⬦⟶32(12)—EXCLUSION OF CHINESE—REVIEW—QUESTIONS OF FACT.
   The rule that where the District Court has affirmed the findings of the commissioner that a Chinese person has not shown his right to remain in the United States by Chinese Exclusion Act May 5, 1892, c. 60, § 3, 27 Stat. 25 (Comp. St. 1913, § 4317), the Chinese person is not entitled to a rehearing on the facts on appeal, is not rendered inapplicable by the fact that the Chinese person produced no witnesses before the commissioner, but did before the District Court.

   [Ed. Note.—For other cases, see Aliens, Cent. Dig. § 95.]

2. ALIENS ⬦⟶32(8)—EXCLUSION OF CHINESE—EVIDENCE—SUFFICIENCY.
   In proceedings for the deportation of a Chinese person, evidence *held* to justify the ruling of the District Court that defendant had not affirmatively shown his right to remain in the United States as required by Chinese Exclusion Act May 5, 1892, § 3, though three Chinese witnesses testified by deposition that he was born in this country.

   [Ed. Note.—For other cases, see Aliens, Cent. Dig. § 84.]

Appeal from the District Court of the United States for the Western District of Texas; Thomas S. Maxey, Judge.

Proceedings by the United States against Wong Woo for the deportation of defendant as a Chinese person unlawfully within the United States. From an order of the District Court, affirming the United States Commissioner's order for deportation, defendant appeals. Affirmed.

Volney M. Brown, of El Paso, Tex., for appellant.
R. E. Crawford, Asst. U. S. Atty., of El Paso, Tex.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, District Judge.

PER CURIAM. The appeal is from an order of the District Court of the United States for the Western District of Texas, affirming an order of the United States commissioner for the deportation of the appellant under "An act to prohibit the coming of Chinese persons into the United States," approved May 5, 1892 (27 Statutes at Large, p. 25). The appellant resisted the order upon the ground that he was born in San Francisco, and therefore not subject to deportation under the terms of that act.

The government's contention was that he had entered the United States from Mexico at El Paso. The appellant introduced no evidence before the commissioner. He did introduce the testimony of himself and three other Chinese persons, taken by deposition, upon the hearing before the District Court. These depositions tended to show that appellant was born in San Francisco and resided there until shortly after the earthquake, when he went to Chicago, where he lived until his arrival in El Paso. It must be conceded that the depositions contain no such contradictions as to justify their rejection, and are sufficient, if credited, to establish appellant's birth in this country. It appears from them, however, that before the witnesses in California testified, they were visited by one Wong Aloy, a former Chinese interpreter in the Immigration Service at Chicago, who, at the instance of appellant, went from El Paso to California for that purpose and remained with the witnesses whose depositions were taken for a number of days before they testified. The government introduced in evidence the statement made by the appellant to the Immigration Inspector, at the time of his arrest, together with certain letters found on the person of the appellant at that time, which were addressed to a person of Chinese name at Mexico City.

In his original statement made to the Inspector, the appellant admitted that the letters were his, denied having received them in Mexico City, denied knowing the addressee, Quong Chong, and claimed to have received the letters in El Paso upon his arrival there from Chicago. When his deposition was subsequently taken, he denied that the letters were his. The appellant upon his examination showed that he was unfamiliar with persons and localities in Chicago, though claiming to have lived and worked there before coming to El Paso. In this

state of the record, the District Judge held that appellant had not established by evidence satisfactory to the court that he was born in the United States.

Section 3 of the Chinese Exclusion Act (Comp. St. 1913, § 4317) is as follows:

"That any Chinese person or person of Chinese descent arrested under the provisions of this act or the acts hereby extended shall be adjudged to be unlawfully within the United States unless such person shall establish, by affirmative proof, to the satisfaction of such justice, judge, or commissioner, his lawful right to remain in the United States."

[1] In the case of Chin Bak Kan v. United States, 186 U. S. 193–201, 22 Sup. Ct. 891, 895 (46 L. Ed. 1121), the Supreme Court said of the right of appeal under this act:

"Except in cases under that section whether the question of jurisdiction alone is certified, we have power to dispose of the entire case; but, as the jurisdiction of the commissioner is sustained, we are of opinion that we cannot properly re-examine the facts already determined by two judgments below. That is the general rule, and there is nothing to take this case out of its operation, and, on the contrary, the conclusion is, a fortiori justified. The same reasoning in respect to the authority to exclude applies to the authority to expel and the policy of the legislation in respect to exclusion and expulsion is opposed to numerous appeals. And we are not disposed to hold that, where a Chinese laborer has evaded the executive jurisdiction at the frontier and got into the country, he is therefore entitled to demand repeated rehearings on the facts."

In the case of Yee Et v. United States, 222 Fed. 66, 137 C. C. A. 537, this court said:

"The rule may be considered settled that in matters of this kind, where the commissioner sees and hears the witnesses, the accused is not entitled to repeated appeals on the facts, and a judgment of the District Court affirming the commissioner will not be disturbed, except in a perfectly clear case or for error of law. Chin Bak Kan v. United States, 186 U. S. 193 [22 Sup. Ct. 891, 46 L. Ed. 1121]; Yee King et al. v. United States, 179 Fed. 369 [102 C. C. A. 646]; Eng Choy v. United States, 175 Fed. 566 [99 C. C. A. 188]; Moy Guey Lum v. United States, 211 Fed. 91 [127 C. C. A. 515]; Chew Hing v. United States, 133 Fed. 227 [66 C. C. A. 281]. In most of these cases the testimony was taken under commission by interrogatories, no representative of the government was present, and the identification of the accused was by photograph. Manifestly, evidence of this character is unsatisfactory, and where the witnesses are present in the same city as the accused and the commissioner before whom the complaint is pending, and could have testified in open court, such evidence is not above suspicion, and is entitled to very little, if any, weight."

It is true that in this case no evidence was introduced by appellant on the trial before the commissioner, and all the evidence on the hearing in the District Court was by deposition; but we do not think that this necessarily renders the rule limiting the right to repeated trial of facts in cases under this statute inapplicable.

[2] A majority of the court are of the opinion that the District Judge was justified in ruling that the appellant had not satisfactorily established by affirmative proof his birth in this country, and that the facts of the case show no reason for departing from the rule that re-

peated trials of fact are not a matter of right to the Chinese person ordered to be deported.

The order of the District Court, affirming the order of deportation passed by the United States commissioner, is affirmed.